UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., | No. 1:26-cv-00926-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 8)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").[1] Petitioner raises claims that are functionally identical to those this Court has already addressed in prior

---

[1] Petitioner also requests to proceed under a pseudonym. (ECF No. 3.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in her petition. (*See* ECF No. 3.) Petitioner also agrees to disclose his identity to Respondents, thus the prejudice to Respondents appears to be minimal. (*Id.* at 2.) Petitioner's request is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a pseudonym for her name. Accordingly, the Court finds good cause to grant Petitioner's request.

1   orders. Petitioner entered the United States in December 2022 and was detained
2   shortly after entry. (Pet. ¶ 19.) Petitioner was released from custody on parole
3   pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id.* ¶¶ 19–20.) On November 20, 2025,
4   Petitioner appeared for an appointment with ICE, and ICE re-detained Petitioner. (*Id.*
5   ¶ 24.) Petitioner was not provided with a written notice explaining the basis for
6   revocation of his release or an opportunity to be heard. (*Id.* ¶ 25.)

7       The Court's prior orders are dispositive on the issues raised in the Petition and
8   Motion. *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal.
9   Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal.
10  Jan. 9, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.
11  Respondents did not provide Petitioner with notice and an opportunity to be heard as
12  required by both 8 C.F.R. § 212.5(e)(2)(i) and the Fifth Amendment Due Process
13  Clause. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v.*
14  *Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v.*
15  *Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior
16  orders, the Court finds that Petitioner has a substantial private interest in maintaining
17  his out-of-custody status, the risk of erroneous deprivation here is considerable, and
18  Respondents' interest in detention is low as the effort and costs required to provide
19  Petitioner with procedural safeguards are minimal.

20      The Court informed the parties that it intended to rule directly on the Petition.
21  (ECF No. 7.) Neither party objected to the Court ruling on the merits of the Petition.
22  Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF
23  No. 1) is GRANTED as to Count 2 of the Petition, for the reasons stated in those prior
24  orders.[2]

25      Respondents are ORDERED to immediately release J.C. from their custody.
26  Respondents shall not impose any additional restrictions on Petitioner, unless that is

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

    The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

    IT IS SO ORDERED.

Dated: **February 10, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE